IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02533-WYD
Criminal Action No.   07-cr-00185-WYD

UNITED STATES OF AMERICA,

v.

4.      CHARLES CASTANEDA,

   Movant.

---

ORDER DIRECTING MOVANT TO FILE
SECOND AND FINAL AMENDED 28 U.S.C. § 2255 MOTION

---

Movant, Charles Castaneda, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.  He initiated this action on October 18, 2010, by filing *pro se* a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On October 21, 2010, I ordered Mr. Castaneda to cure a deficiency in this action by filing an amended § 2255 motion to vacate on the Court-approved form.  On November 1, 2010, Mr. Castaneda filed an amended § 2255 motion to vacate.

I must construe Mr. Castaneda's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Castaneda will be directed to file a second and final amended § 2255 motion.

Mr. Castaneda was indicted as a result of a multi-agency task force investigation originally focused on two men suspected of crack-cocaine trafficking in the Denver area. A jury found Mr. Castaneda guilty of several cocaine-related offenses, including possession with intent to distribute cocaine. On February 25, 2010, the United States Court of Appeals affirmed the judgment of conviction. *See United States v. Castaneda*, 388 F. App'x 859 (10th Cir. 2010). Mr. Castaneda alleges that he did not petition for certiorari review.

I have reviewed the amended § 2255 motion filed by Mr. Castaneda and find that the motion does not comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 2(c) provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Although Mr. Castaneda submitted his amended § 2255 motion on the court-approved form, he does not assert his claims on that form. Instead, he refers to attached pages in support of the § 2255 motion. The § 2255 motion Mr. Castaneda submitted does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the clerk of the Court.

Furthermore, I find that Mr. Castaneda fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, "[t]he Federal Rules of Civil Procedure ..., to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Therefore, the pleading requirements of

Rule 8(a) of the Federal Rules of Civil Procedure apply to Mr. Castaneda's amended § 2255 motion.

Pursuant to Fed. R. Civ. P. 8(a)(2), Mr. Castaneda must provide a short and plain statement of his claims showing that he is entitled to relief.  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Castaneda's claims are not presented in a clear and concise manner that allows the Court and the government to know precisely how he believes his rights have been violated and why he believes he is entitled to relief.  In his sixty-seven-page amended motion to vacate, he unnecessarily includes references to government's witnesses and exhibits and to transcripts, and sets forth an extended and unnecessary discussion of legal argument in support of his claims rather than providing a generalized statement of the facts from which the government may form a responsive pleading.  He apparently expects the government and me to sift through long and poorly organized allegations in an effort to determine the factual basis for each claim being asserted.  That is not a judicial function.  Nor is it the government's responsibility.

Therefore, Mr. Castaneda will be directed to file a second and final amended § 2255 motion if he wishes to pursue his claims.  He must present his claims clearly and concisely in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the court's own form motion that is available

from the clerk of the court.  Mr. Castaneda must delineate each claim in a manner that makes his claims, and their supporting factual allegations, readily apparent. Accordingly, it is

ORDERED that Movant, Charles Castaneda, shall have **thirty (30) days from the date of this order** to file a second and final amended 28 U.S.C. § 2255 motion that complies with the requirements specified in this order.  It is

FURTHER ORDERED that Mr. Castaneda's second and final amended motion shall be titled, "Second and Final Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Castaneda, together with a copy of this order, two copies of the current version of the Court-approved form for use in filing the second and final amended motion pursuant to 28 U.S.C. § 2255.  It is

FURTHER ORDERED that the amended § 2255 motion filed on November 1, 2010, will be denied without further notice if Mr. Castaneda fails to file within the time allowed a second and final amended § 2255 motion that complies with this order.  It is

FURTHER ORDERED that process shall not issue until further order of the court.

DATED at Denver, Colorado, this 24th day of November, 2010.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE