IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02533-WYD
Criminal Action No. 07-cr-00185-WYD

UNITED STATES OF AMERICA,

v.

4.      CHARLES CASTANEDA,

        Movant.

_____

ORDER

_____

        THIS MATTER is before the Court on Movant's *pro se* Motion to Alter or Amend

Judgment, Pursuant to Fed. R. Civ. P. 59(e), and Movant's Application for Certificate of

Appealability, Pursuant to 28 U.S.C. § 2253(c)(2), filed October 4, 2011 [ECF No. 409].

The Government filed a response in opposition on October 24, 2011 [ECF No. 411].  I

must construe the motion liberally because Mr. Castaneda is a *pro se* litigant.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See Hall*,

935 F.2d at 1110.  For the reasons stated below, I will deny the motion.

        Mr. Casteneda was found guilty of three counts in a Superceding Indictment by a

jury on October 24, 2008.  The charges were conspiracy to distribute a controlled

substance, in violation of 21 U.S.C. § 846, use of a communications facility to distribute

a controlled substance in violation of 21 U.S.C. § 843(b), and distribution of a controlled

substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  He was sentenced to two

terms of 125 months and one term of 96 months of imprisonment, all to be served

concurrently.  Judgment was entered on February 24, 2009 [ECF No. 336]. He filed a

direct appeal in which his conviction was affirmed by the Tenth Circuit Court of Appeals

on March 19, 2010 [ECF No. 387].

On November 1, 2010, Mr. Casteneda filed a motion pursuant to 28 U.S.C. §

2255 to vacate, set aside, or correct his sentence.  In his motion to vacate, he asserted

two claims of ineffective assistance of counsel.  He alleged that both his trial and

appellate (appointed) counsel were ineffective for failing to raise a particular Title III

Wiretap suppression issue and a particular challenge to the Controlled Substance Act,

21 U.S.C. § 801 *et seq.*  I entered an Order denying the motion to vacate on September

1, 2011.

In the instant motion, Mr. Casteneda seeks reconsideration of my Order denying

his motion to vacate pursuant to Fed. R. Civ. Pro. 59(e)[1].  However, a post-judgment

motion must be treated as a second or successive motion to vacate if it asserts or

reasserts a substantive claim to set aside the movant's conviction.  *See Gonzalez v.*

*Crosby*, 545 U.S. 524 (2005).  Upon review of the instant motion, I find that it reasserts

issues raised in the previous motion to vacate, and attacks the substance of my prior

Order denying the motion to vacate.  In the instant motion Mr. Castaneda again claims

ineffective assistance of counsel on the part of his trial and appellate counsel based on

their failure to challenge the Department of Justice's alleged omission of a document

titled "Letter Approving This Application" in connection with the packet of materials

---

[1]I note that a motion filed pursuant to Rule 59(e) must be filed within twenty-eight days after the final judgment was entered.  Here, the motion was filed within the twenty-eight day time-frame and is timely.

authorizing a particular Title III Wiretap, and their failure to assert that provisions of the Controlled Substance Act, 21 U.S.C. § 801 *et seq*. violate his rights under the Commerce Clause.  Both of these issues were addressed in Mr. Castaneda's first motion to vacate.  Therefore, I find the instant motion is a successive motion for § 2255 relief.

Pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. Castaneda must obtain from the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) an order authorizing me to consider a second or successive § 2255 motion.  In the absence of such authorization, I lack jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, Mr. Castaneda does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, I must either dismiss the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

It appears that the claims Mr. Castaneda is asserting in the instant motion would be barred by the one-year limitation period.  *See* 28 U.S.C. § 2255(f).  Moreover, Mr.

Castaneda fails to demonstrate that the claims are based on either newly discovered evidence or a new rule of constitutional law as required pursuant to § 2255(h). Furthermore, the claims do not appear to have merit.  Therefore, I do not find that a transfer of this action to the Tenth Circuit is in the interest of justice.  Instead, the § 2255 motion will be denied for lack of jurisdiction.

I also reject Mr. Castaneda's request that I reconsider my decision not to issue a certificate of appealability in connection with the denial of his first motion to vacate. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), I may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, I once again conclude that Mr. Castaneda has not made a substantial showing of the denial of a constitutional right.  Therefore, I will deny his request for a certificate of appealability in connection with both his first motion to vacate and the instant motion.

Based on the foregoing, it is hereby

ORDERED that the Motion to Alter or Amend Judgment, Pursuant to Fed. R. Civ. P. 59(e), and Movant's Application for Certificate of Appealability, Pursuant to 28 U.S.C. § 2253(c)(2), filed October 4, 2011 [ECF No. 409] is **DENIED FOR LACK OF**

**JURISDICTION**.

Dated:  January 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge